ORIGINAL

FILED
MAY 27 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GLENN CONSTRUCTION COMPANY, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Civil Action No. 08-384 C

COMPLAINT

Plaintiff Glenn Construction Company, LLC, ("Glenn") by the undersigned counsel, files this Complaint against the United States of America, and alleges as follows:

PARTIES

1. Plaintiff is a limited liability company duly organized pursuant to the laws of the State of Alabama with a principal place of business located at 188 West College Street, Ozark, AL, 36360.

2. Defendant is the United States, acting by and through the Department of the Army, Mobile District, U.S. Army Corps of Engineers ("Corps").

JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) and the Contract Disputes Act of 1978, ("CDA"), 41 U.S.C. § 605(b). Plaintiff seeks payment from the Defendant for

costs incurred as a result of numerous delays caused by the Defendant during the performance of the contract. The Contracting Officer issued a final decision on October 23, 2007, denying Glenn's claim.

## STATEMENT OF FACTS

4. The Corps awarded Contract No. W91278-04-C-0056, for the "Repair Control Tower, Lowe Field, Fort Rucker, Alabama" (the "Contract" or the "Project") to the Plaintiff on September 27, 2004, in the amount of $473,075.00.

5. The Project involved relocating a temporary control tower and then repairing and refurbishing the existing control tower.

6. The contract required Glenn to prepare a number of submittals. (Specification Section 01330-1.2.1) Submittals were to be made regarding products to be installed, plans to be implemented, such as the Accident Prevention Plan and the Environmental Protection Plan, and the procedures to be used, such as the manufacturer's installation instructions of various equipment systems, e.g. the fire alarm system.

7. A contractor is not permitted to proceed with any work without an approved Accident Plan or Environmental Plan, and cannot proceed with the acquisition of materials or equipment until those submittals are approved. (Specification Section 01330-3.1).

8. The contract required the Corps to review and respond to Glenn's submittals within thirty (30) calendar days (Specification Section 01330-3.3).

9. Glenn planned to complete the Project in substantially less time than the 360 day contract duration, and submitted a reasonable and well-supported schedule to the Corps showing that it planned to finish the project by May 18, 2005, or approximately 180 days before the required completion date.

10. Glenn's schedule depicted 212 activities to be accomplished. Of these 212 activities, 153 of them were related to the submittals for the project. The other 59 activities depicted on the early completion schedule were work related activities.

11. The Notice to Proceed ("NTP") was issued on November 15, 2004. The Corps established the original contract completion date for the project to be November 15, 2005, based upon the 360 day contract duration.

12. During the performance of the contract, Glenn encountered substantial delays because of the Corps' failure to review and approve certain critical submissions within thirty days. For example, the Corps did not review the casework, aluminum doors, aluminum storefront, plumbing materials and glass submittals in a timely manner, delaying approval of the submittals for these critical activities from 36 to 100 days.

13. The Corps failure to review and approve the submittals within the required thirty days constructively suspended the work.

14. The government's failure to vacate the permanent control tower from February 11, 2005 to March 16, 2005, effectively suspended Glenn's work on the Project for that duration.

15. The government's failure to respond to and provide direction regarding suspected asbestos containing materials in the permanent tower impacted and delayed Glenn's work, including the work of its electrical subcontractor.

16. The electrical subcontractor's work was further impacted and delayed by defective specifications, thereby affecting Glenn's completion of the project.

17. The work stoppages were of an indefinite duration, causing Glenn to incur unabsorbed home office overhead expenses.

18. Despite the Corps' numerous delays, Glenn was expected to resume work on the Project upon short notice.

19. It was practically impossible for Glenn to take on replacement work to mitigate the financial hardship experienced by the numerous suspensions because it was obligated to resume work after each indefinite suspension in order to complete the project.

20. As a result of the unexpected and enduring delays, the government issued time extensions and the revised contract

completion date became March 5, 2006, three and one half months past the original completion date of November 15, 2005. More significantly, the revised completion date was 307 days past Glenn's planned early completion date of May 18, 2005.

21. Glenn substantially completed the contract on March 3, 2006, 305 days past its planned early completion date.

22. Glenn submitted a claim on May 9, 2007 for the delays and impacts due to the Corps' failure to review the submittals in a timely manner and for the Corps breach of its duty of cooperation and for the Corps' interference with the performance of the work. The claim was in the amount of $96,991.62, based upon 238 days of delay from its early completion date of May 2, 2005 to the Corps beneficial occupancy date of April 13, 2006, giving credit to the government for the 110 days added by contract modifications.

23. On October 23, 2007, the Contracting Officer issued his final decision, denying Glenn's claim.

**Count I - SUSPENSION OF WORK**

24. The allegations contained in Paragraphs 1 through 23 are incorporated herein by reference.

25. The Defendant repeatedly caused significant and indefinite delays during Glenn's performance of the Contract, suspending Glenn's work and forcing it to remain on stand-by.

26. Due to the indefinite and uncertain nature of these delays, Glenn could not undertake replacement work to mitigate its losses.

27. Glenn is entitled to its unabsorbed overhead based upon the Eichleay formula because it has met the conditions precedent for recovery.

28. Defendant's failure to compensate the Plaintiff for the extended overhead costs it incurred while its contract was indefinitely suspended, entitles the Plaintiff to an equitable adjustment in the contract price in the amount of $96,991.62.

WHEREFORE, Glenn has incurred damages in the amount of $96,991.62, plus interest, attorneys' fees, and any other costs allowable by law.

## COUNT II - BREACH OF CONTRACT

29. The allegations contained in Paragraphs 1 through 28 are incorporated herein by reference.

30. The Defendant breached the contract by repeatedly failing to respond to Plaintiff's submittals within the 30 day time limitation set forth in the contract.

31. The Defendant breached the contract by requiring the Plaintiff to remain on stand-by to continue the performance of work while awaiting the government's: 1) approval of its submittals, 2) responses to the notices of defective specifications, 3) a response to the asbestos issue, and 4)

vacating the permanent control tower so that Glenn could proceed with its renovation work.

32. Through its actions and failures to act, Defendant breached its express and implied contractual obligations to Plaintiff, including a breach of its duty not to hinder, delay or interfere with the Plaintiff's performance of the contract.

33. Plaintiff had a right to finish the contract early and presented a reasonable schedule demonstrating its intent to do so.

34. Defendant's breach of contract prevented Plaintiff from finishing early as planned.

35. The Defendant's actions and failures to act ultimately led to increased costs for the Plaintiff.

36. As a direct result of the breach of contract, Plaintiff has incurred overhead expenses in the amount of $96,991.62, plus interest, attorneys' fees, and any other costs allowable by law.

Respectfully submitted,

Dated: 5-23-08

Michael H. Payne, Esquire
Payne Hackenbracht & Sullivan
220 Commerce Dr., Suite 100
Fort Washington, PA 19034
Tel: 215-542-2777
Fax: 215-542-2779
email: mhp@phslegal.com
Attorney for Glenn
Construction Company, LLC