IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GLENN CONSTRUCTION CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-384C |
| | ) | (Judge Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in the first sentence of paragraph 3 constitute conclusions of law to which no answer is required. The allegations contained in the second sentence of paragraph 3 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 3.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 8.

9. Admits the allegation contained in paragraph 9 that plaintiff submitted a project schedule to the Corps; the remainder of the allegations contained in paragraph 9 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10 to the extent supported by the schedule cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 10.

11. Admits. Avers that the original contract completion date has been amended.

12. The allegations contained in paragraph 12 constitute plaintiff's characterization of its case and constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. Admits the allegation contained in the first sentence of paragraph 20 that the original contract completion date was amended to March 5, 2006; the remaining allegations contained in the first sentence of paragraph 20 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 20.

21. Admits the allegation contained in paragraph 21 that plaintiff substantially completed the contract on March 3, 2006; the remaining allegations contained in paragraph 21 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Admits the allegation in paragraph 22 that plaintiff submitted a claim to the Corps in May 2007, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 22.

23. Admits.

24. Defendant's responses to paragraphs 1 through 23 of the complaint are incorporated by reference.

25. The allegations contained in paragraph 25 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

The allegations contained in the unnumbered paragraph following paragraph 28 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Defendant's responses to paragraphs 1 through 29 of the complaint are incorporated by reference.

30. The allegations contained in paragraph 30 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. Defendant denies each and every other allegation not previously admitted or otherwise qualified.

38. Defendant denies that plaintiff is entitled to the relief set forth in the prayers for relief immediately following paragraphs 28 and 35, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed with prejudice, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-9303

Attorneys for Defendant

OF COUNSEL:

DAVID C. BRASFIELD, JR.
Assistant District Counsel
U.S. Army Corps of Engineers
Mobile District
P.O. Box 2288
Mobile, Alabama 36628-0001

August 27, 2008

CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2008, a copy of foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick